1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  DAVID D. MICHLIG,

10                                    Plaintiff,                    No.  C09-1496Z

11  v.

                                                                   ORDER
12  MICHAEL J. ASTRUE, Commissioner of the
    Social Security Administration,

13                                    Defendant.

14

15          Having reviewed the Report and Recommendation ("R&R") of the Honorable Brian

16  A. Tsuchida, United States Magistrate Judge, docket no. 18, defendant's objections, docket

17  no. 19,  plaintiff's response to defendant's objections, docket no. 20, and the balance of the

18  record, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the R&R, as

19  set forth below:

20          (1)     The Court DECLINES TO ADOPT the R&R's conclusion that the

21  Administrative Law Judge's ("ALJ") decision should be reversed and the matter remanded

22  for further proceedings to reevaluate Dr. Spencer Havens' opinions about the plaintiff's back

23  pain in connection with the plaintiff's application for Title XVI benefits.  R&R at 3-5, 10.

24  The R&R recommends that the matter be reversed and remanded because the ALJ did not

25  properly consider Dr. Havens' opinion that plaintiff suffers from debilitating pain and back

26  weakness and is limited to sedentary work.  R&R at 5.  However, there is no evidence in the

ORDER  -1-

1    record that Dr. Havens stated any opinions about plaintiff's work limitations or the severity

2    of his pain.  Moreover, although the plaintiff testified about the severity of his pain, the ALJ

3    found his testimony not credible.  If a claimant produces objective medical evidence of an

4    underlying impairment that could reasonably be expected to produce some degree of pain, an

5    ALJ can still reject the claimant's testimony about the severity of his pain as not credible if

6    the ALJ offers specific, clear and convincing reasons for doing so.  See Tommasetti v.

7    Astrue, 553 F.3d 1035, 1039 (9th Cir. 2008).  The ALJ may consider many factors in

8    weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation;

9    or (2) inadequately explained failure to seek treatment or to follow a proscribed course of

10   treatment.  See id.  The ALJ conceded that plaintiff's medical impairments could reasonably

11   be expected to produce the pain he described to Dr. Havens.  Tr. at 21.  However, the ALJ

12   found that the plaintiff was not credible, and offered specific, clear and convincing reasons

13   for rejecting his complaints about the severity of his pain.  Plaintiff was repeatedly dishonest

14   about his alcohol use, made prior inconsistent statements about his symptoms, failed to

15   explain his failure to seek treatment and attend scheduled appointments, and did not follow

16   proscribed treatments.  Id. at 23.  Dr. Havens' objective findings also did not support

17   plaintiff's subjective complaints about pain.  See Tr. 441.  Because the ALJ properly

18   considered plaintiff's complaints about pain, and Dr. Havens' report in reaching a conclusion

19   about plaintiff's Residual Function Capacity, the ALJ's findings regarding plaintiff's pain are

20   AFFIRMED.

21         (2)     The Court ADOPTS the remainder of the R&R's recommendations.  The case

22   is REVERSED and REMANDED for further proceedings as to plaintiff's application for

23   Title XVI benefits only.  The Court concludes that on remand, the ALJ should (1) reevaluate

24   Dr. Schimmel's opinions regarding plaintiff's mental impairments; (2) evaluate all of Dr.

25   Kim's opinions including his 2008 DSHS evaluation; (3) further develop the medical

26   evidence in the record as deemed necessary; and (4) reassess steps four and five of the

sequential evaluation process as necessary and with the assistance of a vocational expert if deemed appropriate.

(3)     The Clerk is directed to send copies of this order to all counsel of record, and to the Honorable Brian A. Tsuchida.

IT IS SO ORDERED.

DATED this 30th day of June, 2010.

Thomas S. Zilly
United States District Judge

ORDER   -3-